[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this revised amended petition for a writ of habeas corpus alleging that his criminal trial attorney, Howard T. Owens, was ineffective in assisting him in that he (1) failed to advise him about additional charges in the substitute information; (2) failed to meet with him prior to trial to discuss defenses; (3) failed to investigate the case; (4) failed to preserve issues for appellate review; (5) failed to advise him of his right to sentence review; (6) failed to request any jury charges; and (7) failed to object to instances of prosecutorial misconduct. The petitioner was arrested in a "buy- bust" police operation on street drug dealers. He was identified by the "buy" officer and a previously photographed twenty dollar bill was found on his person by the "bust" officer. The substance CT Page 13860 purchased was cocaine. After a jury trial he was found guilty of possession of a narcotic substance with intent to sell, sale of a narcotic substance and conspiracy to sell a narcotic substance for which he received (3) concurrent fifteen (15) years sentence.
The parties called two witnesses in this hearing, the petitioner, and his criminal trial, Attorney Owens. Owens testified that he represented the petitioner in November of 1992. Prior to trial the state filed a substituted information. He had talked to the petitioner both before trial and during the trial and conveyed to him a plea agreement with a total effective sentence of five (5) years to serve which included a violation of probation for a previous conviction of manslaughter. Although there was no mistaken identity issue, the petitioner had become rigid and uncompromising and wanted his trial and refused the plea bargain offer Owens had the petitioner sign a statement of that refusal and that the petitioner alleged that he was not drug dependent. See Respondent's Exhibit A. This occurred just prior to trial. See Petitioner's Exhibit 1: Petitioner's Exhibit 2.
Owens has a recall he discussed with the petitioner a request for sentence review but there is nothing in the clerk's file, clerk's notes or transcript of sentencing to corroborate it except that appeal papers were given to the attorney to be signed by the petitioner. This procedure normally includes the sentence review application.
The petitioner testified that he had very few discussions with Owens. He felt that Owens did not adequately cross-examine Officer DeMonte concerning the clothes the petitioner was wearing, particularly the difference in his description of the petitioner's shirt in testimony as to his report. Likewise Owens did not investigate the hollow fence post claimed by DeMonte.
The court finds that such details were insignificant since Detective Villegas testified that he observed the transaction from less than one block away by binoculars and not only was able to identify the defendant as the one who obtained the twenty dollar bill which had been previously photostated but found it in the defendant's pocket after his arrest while still at the scene. Although the court must conclude that the petitioner was not properly advised of his right to sentence review it is not reasonably probable that in this case the Sentence Review Division would reduce the sentence given.
A successful petitioner must show that there is reasonable CT Page 13861 probability that but for counsel's unprofessional errors, the result would have been different. Copas v. Commissioner,234 Conn. 139 (1995); Strickland v. Washington, 466 U.S. 668, 694. The petitioner has failed to show that the result would have been different and has failed to show counsel's representation fell below an objective standard of reasonableness. Aillon v. Meachum,211 Conn. 352, 359.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge Trial Referee